Argued and submitted February 21, affirmed March 21, petition for review denied May 29, 2001 (332 Or 240)

## STATE OF OREGON,
*Respondent,*

*v.*

## EUTIQUIO RUIZ-MARTINEZ,
*Appellant.*

## (C98-2488CR; CA A106677)

21 P3d 147

Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, State Public Defender.

Kathleen Cegla, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Defendant was convicted of manslaughter in the second degree, assault in the fourth degree, and driving under the influence of intoxicants. ORS 163.125; ORS 163.160; ORS 813.010. Defendant, who is of Hispanic descent, contends that the trial court erred in determining that the prosecutor's peremptory challenge of the only Hispanic member of the prospective jury panel did not violate his right under the Fourteenth Amendment to the United States Constitution to equal protection of the laws.[1] We affirm.

Defendant drove his van through a red light at a speed of about 70 miles per hour and collided with another vehicle. Defendant did not brake or take other evasive action to avoid impact. The collision resulted in the death of the driver of the other vehicle and in minor injuries to a passenger in defendant's vehicle. Defendant appeared to be intoxicated at the scene of the accident, and a blood sample taken two hours later disclosed a blood alcohol content of .18.

At trial, the prospective jury panel included one Hispanic member, Mr. Rios, who was 18 years old. All of the other prospective jurors, like the deceased victim, were Caucasian. The prosecutor used all six peremptory challenges at his disposal and challenged Rios, among other jurors. Defendant's attorney objected, relying on *Batson v. Kentucky*, 476 US 79, 106 S Ct 1712, 90 L Ed 2d 69 (1986). After considering the prosecutor's explanation, the trial court upheld the peremptory challenge, and Rios was excused from jury service in the case.

In *Batson*, the United States Supreme Court held that the Fourteenth Amendment prohibits prosecutors from excusing a prospective juror solely because of the juror's race or based on the assumption that a minority juror will not impartially decide a criminal case involving a minority defendant. *Id.* at 88-89. In *Hernandez v. New York*, 500 US 352,

---

[1] The Fourteenth Amendment provides, in part, that "[n]o state shall * * * deny to any person within its jurisdiction the equal protection of the laws."

Defendant makes no claim under the Oregon Constitution, nor does he rely on ORCP 57 D(4). Accordingly, we confine our review to his federal constitutional challenge.

111 S Ct 1859, 114 L Ed 2d 395 (1991), the Supreme Court adhered to the three-step test adopted in *Batson* for determining whether a peremptory juror challenge violates a defendant's equal protection rights:

> "First, the defendant must make a *prima facie* showing that the prosecutor has exercised peremptory challenges on the basis of race. Second, if the requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question. Finally, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination." *Id.* at 358-59 (citations omitted).

Defendant first contends that the trial court erred in deciding that he had failed to make a *prima facie* showing that the challenge was made on the basis of race. We need not consider that contention because, in response to defendant's objection, the state offered an explanation for the challenge. Therefore, the issue of whether defendant made a *prima facie* showing of purposeful discrimination is moot. *Id.* at 359; *State v. Millage*, 125 Or App 92, 95, 864 P2d 868 (1993). The dispositive issues are whether the prosecutor provided a race-neutral explanation for the challenge and whether the trial court's determination that defendant failed to carry his burden of showing purposeful discrimination was clearly erroneous. *Hernandez*, 500 US at 359.

Whether a prosecutor's explanation for a peremptory challenge is race-neutral is a question of law. *State v. Ross*, 154 Or App 121, 126, 961 P2d 241, *rev den* 328 Or 194 (1998). The explanation need not be persuasive to meet the state's burden of production, *Purkett v. Elem*, 514 US 765, 767-68, 115 S Ct 1769, 131 L Ed 2d 834 (1995), but it must be reasonably specific and related to the case. *State v. Henderson*, 315 Or 1, 4, 843 P2d 859 (1992). When a prosecutor has given a race-neutral explanation, the burden shifts back to the defendant to prove that the explanation is a pretext for discrimination. *Ross*, 154 Or App at 127. Whether the prosecutor intended to make the challenge on the improper basis of race is a question of fact. *Millage*, 125 Or App at 98.

The prosecutor explained the challenge to Rios as follows:

"My reasons for challenging [Rios] were based on the content of his answers and on his demeanor. One of the themes that I've tried to establish in jury selection is the theme of responsibility. Responsibility in general and responsibility in particular in the context of automobiles. I want jurors to enthusiastically and unhesitatingly also endorse that theme. Not only what the jurors said but how they said it.

"In terms of the contents of [Rios's] answers, I was struck by the fact that not only did he have multiple traffic violations, but that his license was suspended because of that. But what really struck me was the fact that he lacked the maturity, the responsibility, if you will, to go down and get that taken care of. That concerned me, given the type of case this is and given the theme that I was trying to establish with certain jurors on voir dire."

The prosecutor expressed concern that Rios had hesitated before answering the prosecutor's question about whether it is "inappropriate or unsafe for someone to drive a motor vehicle while under the influence of intoxicants[.]" The prosecutor also thought Rios might be biased against the state because his driving privileges had been suspended or revoked because of unpaid speeding fines.

In summary, the prosecutor relied primarily on three factors in challenging Rios: the possibility of Rios's bias against the state arising from his license suspension, the lack of responsibility concerning driving demonstrated by his unpaid traffic fines, and his demeanor when he answered the questions regarding the risks of driving while intoxicated. Those specific reasons were related to the case and were sufficient as a matter of law to shift the burden of showing purposeful discrimination back to defendant. *See Henderson*, 315 Or at 8 (holding that a prospective juror's demeanor and other life experiences may permit a prosecutor reasonably, and race-neutrally, to draw inferences concerning the juror's biases).

■ Despite the proffered explanation, defendant's attorney questioned the prosecutor's motive because the prosecutor had used all six of his challenges and had not challenged Baughman, a Caucasian juror, who had been convicted of driving under the influence of intoxicants. Defense counsel

reasoned that Baughman "would be more of a concern to the State than a young man who is saying he lost his license for speeding." The prosecutor responded:

"One of the key things about [Rios] is that he had these problems currently. The other folks had DUI problems that were ancient history, or very long in the past. In fact, I think that someone who has had a DUI and then has gone on through a number of years and been successful in life, those are potentially very good State's jurors."

The court then summarized:

"Is there a distinction to be made between the person who is charged with a traffic crime, is responsible, goes through the court system, resolves it, pays the price and a person whose license is suspended for traffic offenses and makes no effort to resolve the matter?

"[PROSECUTOR]:   You put it better than I."

The trial court found that defendant had failed to establish purposeful discrimination:

"[Rios's] care free attitude, taken together with the lack of maturity, lack of responsibility, the possible bias against the State because of the suspension of his driver's license, all are good reasons, permissible reasons for exercising a peremptory challenge.

"* * * * *

"* * * [D]efendant has not, as a matter of fact, established a purposeful discrimination in this case * * *."

At the time of trial, Baughman's DUII conviction was at least 20 years old, and there was no indication that he had, since then, run afoul of the law. The state established a legitimate difference between the circumstances of jurors Rios and Baughman. We discern no clear error in the trial court's factual finding that defendant failed to carry his burden of showing purposeful discrimination. *See Henderson,* 315 Or at 9 (applying clear error standard to review of trial court's findings at third step of *Batson* test). Therefore, we conclude that

defendant has failed to establish that the peremptory challenge to prospective juror Rios violated defendant's rights under the Fourteenth Amendment.

Affirmed.